IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSELYN SUERO,

    Plaintiff,

v.                                             CASE NO.:

FAMILY MED SERVICES
BAYSIDE, LLC, PRINCIPLE
HEALTHCARE GROUP, LLC,
ADVANTIS PHYSICIAN
ALLIANCE, LLC, and RAMON
QUIRANTES, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSELYN SUERO, by and through undersigned counsel, brings this action against Defendants, FAMILY MEDICAL SERVICES BAYSIDE, LLC ("FMSB"), PRINCIPLE HEALTHCARE GROUP, LLC ("PHG"), ADVANTIS PHYSICIAN ALLIANCE, LLC ("APA"), and RAMON QUIRANTES ("Ramon Quirantes"), in his individual capacity, (collectively as "Defendants") and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendants are registered Florida companies and a Florida Resident that operate medical services businesses and/or facilities in Tampa, in Hillsborough County, Florida.

6. Defendant Ramon Quirantes is the owner of FMSB, PHG, and APA, which are entities engaged in related activities performed under a unified operation with a common ownership.

7. Ramon Quirantes and exercised significant day-to-day control over each Defendant, respectively, including with respect to personnel decisions, management of employee compensation, and daily business operations.

8. Defendants are "joint-employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiffs benefit each Defendant.

## GENERAL ALLEGATIONS

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

12. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

13. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**FACTS**

19. Plaintiff began working for Defendants as a sales person in April 2016, and she worked in this capacity until June 2019.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

21. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

22. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA OVERTIME VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)   A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of October, 2019.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**